## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **WESLEY BERTIL,** | : | |
| *Individually and doing business as BARSS,* | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3251** |
| | : | |
| **ENITH MARTIN WILLIAMS,** *et al.,* | : | |
| **Defendants.** | : | |

### ORDER

**AND NOW**, this 29th day of May 2026, upon consideration of the *pro se* Complaint

(ECF No. 2) and Motion to Proceed *In Forma Pauperis* (ECF No. 1) filed by Plaintiff Wesley

Bertil, individually and doing business as BARSS, without paying the fees to commence a civil

action and retaining counsel[1] and for failure to sign the Complaint as required by Federal Rule of

Civil Procedure 11,[2]  it is **ORDERED** that:

---

[1] Bertil appears to be attempting to bring this case *pro se* on behalf of BARSS.  However, he may not proceed *pro se* as BARSS's representative.  Although individuals who are not attorneys may prosecute "their own cases" *pro se* in federal court, pursuant to 28 U.S.C. § 1654, "[t]he federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)).  Accordingly, Bertil may not proceed *pro se* in this case if he is bringing this Complaint on behalf of BARSS.  Furthermore, an artificial entity may only appear in federal court through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted).

[2] The Complaint was submitted without a handwritten signature.  Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).  The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark

1.     Bertil's Motion to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED**.[3]

2.     For BARSS to proceed as a Plaintiff in this case, the appropriate representative of BARSS must: (1) retain counsel on its behalf, who is admitted to practice in this Court, and have counsel file a notice of appearance within thirty (30) days of the date of this Order; and (2) remit $405 (the $350 filing fee and $55 administrative fee) to the Clerk of Court within thirty (30) days of the date of this Order.

3.     In the event, BARSS retains counsel as directed in paragraph 2 and pays $405, Bertil **does not** need to pay the filing fees for his individual claims.  **Only one payment totaling $405 is required.**

4.     **However,** if Bertil wishes to proceed <u>only</u> on the claims brought in his personal capacity and seeks to dismiss BARSS as a Plaintiff, he may file a notice of such intent and $405 filing fees must be remitted to the Clerk of Court within thirty (30) days of the date of this Order. The Court reiterates that only one payment totaling $405 is required.

5.     If Bertil intends to proceed on the claims brought in his personal capacity, he is also **DIRECTED** to **complete** and **return** the Declaration form attached to this Order, with his

---

handplaced)." *See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

[3] Bertil's Motion is denied for two reasons.  First, he cannot bring *pro se* claims on behalf of BARSS and must obtain licensed counsel as explained above in footnote 1.  Second, it is unclear to the Court if Bertil is bringing claims in his personal capacity and to the extent he intends to do so, having reviewed Bertil's financial circumstances, the Court concludes that he can afford to pay the applicable fees.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  For instance, he lists he has $1500 in his savings account, $275 in his checking account, and a vehicle valued at $5000.  (ECF No. 1 at 1-2.)  Although he does not provide his income through his self-employment, the assets he listed, especially considering his savings account balance, show he is able to pay the fees.  (*Id.*)  Further, it appears he anticipated paying the $405 filing fee as he acknowledges the fee and calculates that amount as the cost for this action.  (*Id.* at 2.)

*original signature*, to the Court within thirty (30) days of the date of this Order to cure this deficiency with the Complaint.

6.      The Clerk of Court is **DIRECTED** to send a copy of this Order to Bertil along with a copy of the attached Declaration form and note the mailing on the docket.  No summons shall issue at this time.

7.      Failure to comply with this Order may result in a dismissal of this case without further notice for failure to prosecute.

**BY THE COURT:**

*/s/ John M. Gallagher*

**JOHN M. GALLAGHER, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WESLEY BERTIL,** | **:** | |
| *Individually and doing business as BARSS,* | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **CIVIL ACTION NO. 26-CV-3251** |
| | **:** | |
| **ENITH MARTIN WILLIAMS,** *et al.*, | **:** | |
| **Defendants.** | **:** | |

## <u>DECLARATION</u>

1.      I am the plaintiff in this action, and I respectfully submit this Declaration in response to the Court's Order which accompanied this form Declaration.  Pursuant to that Order, I have signed this Declaration as proof that I have read the Complaint in this action (ECF No. 2) and that I am the Plaintiff in this action.

2.      Under Rule 11(b) of the Federal Rules of Civil Procedure, I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

a)  the Complaint is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
b)  the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
c)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
d)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

_____     _____

Signature                                                      Date

_____

Name

_____

Address                            City                            State          Zip Code